UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
LAWRENCE BENJAMIN,                        :

                  Petitioner,     :
                                     :    **ORDER DENYING PETITIONER'S**
        -against-               :    **MOTION TO VACATE PURSUANT**
                                       :    **TO FED. R. CIV. P. 60(b)**

WILLIAM E. PHILLIPS, Acting       :
Superintendent of Green Haven      :    03 Civ. 1476 (AKH)
Facility,                                    :

                Respondent.   :
---------------------------------------------------------x

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

        By my order of July 21, 2004, I denied Lawrence Benjamin's petition for a Writ of Habeas Corpus, and denied a certificate of appealability. See Benjamin v. Phillips, No. 03 Civ. 1476, 2004 U.S. Dist. LEXIS 14255. On August 16, 2004, Petitioner appealed my order to the United States Court of Appeals for the Second Circuit. While his appeal was pending, Petitioner filed in this Court a motion to vacate the order pursuant to Rule 60, Fed. R. Civ. P. I terminated the motion in light of the pending appeal. See Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) ("district court may entertain and deny" a Rule 60(b) motion while movant's appeal is pending, but may not "grant a [R]ule 60(b) motion after an appeal is taken" unless "the moving party obtains permission from the circuit court") (emphasis in original). On August 2, 2005, the Court of Appeals issued a mandate dismissing Petitioner's appeal for failure to make a substantial showing that he had been denied a constitutional right. Petitioner has renewed his Rule 60(b) motion, which I now consider on the merits, and deny.[1]

        Petitioner argues that the adjudication of his petition for Writ of Habeas Corpus was defective because the Court did not consider a motion in limine that he claims to have made,

---

[1] I decline to decide whether the motion it timely filed. It is sufficient that the motion is clearly without merit. See Toliver, supra.

1

and that this is a "mistake, inadvertence, surprise, or excusable neglect" that entitles him to relief pursuant to Rule 60(b), Fed. R. Civ. P.  The docket sheet for Petitioner's case does not reflect that the Court received Petitioner's motion in limine.  A clerk in this Court's Pro Se Office confirmed the absence of these filings in a letter to Petitioner dated November 3, 2004.  However, for the purpose of resolving this motion, I shall assume that Petitioner timely filed the aforementioned motion in limine, and that it was lost because of an error beyond his control.  I hold that Petitioner's motion in limine, even if received and considered, could not have changed the outcome of his petition, and therefore he is not entitled to relief on any ground enumerated in Rule 60.

       In his petition, Benjamin claimed that he had pleaded guilty to subdivision one of New York Penal Law (NYPL) § 265.02, not subdivision four as the State alleged, and that his lawyer's failure to investigate and establish that fact violated his Sixth Amendment right to effective assistance of counsel.[2]  Subdivision four applied when the defendant possessed a loaded firearm, distinguishing it from the other subdivisions treating non-loaded weapons.  Pursuant to NYPL § 70.02(c), "criminal possession of a weapon in the third degree as defined in subdivision four, five, six, seven or eight of section 265.02" is a Class D violent felony offense.  Violation of subdivision one, two, or three is not considered a violent felony offense.  Petitioner argued that the difference in pleading elevated his sentencing status to "persistent violent felony offender" pursuant to NYPL § 70.08 and lengthened his prison term as a result.

       Petitioner contends in his Rule 60(b) motion, as in his petition, that the State's transcript of his guilty plea to violation of § 265.02 was erroneous and, therefore, inadmissible.  There is no reason to believe, however, that the State's transcript of Petitioner's 1988 guilty plea contains any errors or misleading information.  The transcript that Petitioner submitted with his

---

[2] I note that subdivision four of N.Y. Penal Law § 265.02 has been repealed.  See S. 8467, 229th Ann. Legis. Sess. (N.Y. 2006).

Rule 60(b) motion, represented as the true transcript, is merely a truncated version of the State's transcript. The minor differences between the two—likely to be corrections entered by the court reporter after the hearing—have no significance, and nothing in the Petitioner's version contradicts anything in the State's version of the transcript.

As I stated in my order denying the petition, other evidence supported the finding that Petitioner pleaded guilty to subdivision four. The State's Indictment No. 9990-87 charged Petitioner with violation of subdivision four, an index number that appears on the transcript submitted by Petitioner as the true record of his 1988 guilty plea. Moreover, even if Petitioner had pleaded guilty to subdivision one, no prejudice could result because "it [was] clear that petitioner was a persistent violent felony offender." See Benjamin v. Phillips, No. 03 Civ. 1476, 2004 U.S. Dist. LEXIS 14255. In addition to the 1988 offense, Petitioner had committed violent crimes in 1990 and 1996 that subjected him to an enhanced sentence. Petitioner's sentencing status a "persistent felony offender" pursuant to NYPL § 70.10 was uncontested. Thus he could not show prejudice arising out of counsel's failure to investigate the alleged transcript discrepancies. Similarly, and for the above reasons, he cannot demonstrate that the adjudication of his habeas petition was affected by this Court's alleged failure to consider his motion in limine.

For the foregoing reasons, Petitioner's motion to vacate pursuant to Rule 60(b) is denied with prejudice. A certificate of appealability is also denied.

SO ORDERED.

Dated:   February 13, 2007
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

3